[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff Richard St. Martin brought his complaint in three counts against his former wife Renee St. Martin and her sister Margot Foster, claiming damages for malicious prosecution, abuse of process and intentional infliction of emotional distress. Beginning May 28, 1998, and concluding October 6, 1998, this court sitting without a jury heard extensive trial testimony over CT Page 12895 the course of four days. Essentially, the court was charged with determining what really happened after the plaintiff dropped off his two minor children following a weekend visit.
The court finds that the only undisputed facts in this case are that on November 22, 1992, the plaintiff at or about 7:00 p. m. returned his two children to the home of his former in-laws. What occurred thereafter is very much in dispute.
Plaintiff testified that on the date in question he anticipated problems with the return of his children to their mother, so he had two of his friends follow him with a video camera to film the "exchange." He stated that after he left the children with their grandparents, he and his friends drove their respective vehicles a short distance down the street and stopped in a parking lot to look at the video that had been filmed. According to the plaintiff, he then left the parking lot and was proceeding down Scott Road when he was cut off by the defendants. He testified that before he was able to get out of his truck, or as he was alighting from it, he was maced by the defendants, and one of his friends who came to his rescue and restrain him also was maced. Plaintiff testified that after this incident, he and his friends stopped at a nearby restaurant to use the restroom and call the police; plaintiff then drove to his parents' home. While there, he was arrested by Waterbury Police Officer Shea, who was investigating a complaint made by the defendants.
Defendants' testimony at trial substantially contradicted the plaintiff's recollection of these events. The defendants told the court that they waited for the children to be dropped off at their parents' home and then the two sisters left to go to McDonalds for some fast food. While they were driving north on Scott Road, they were cut off by the plaintiff. Ms. Foster, who was driving, testified that she then drove over a slight incline, at which point she saw the plaintiff's truck stopped in the street. She pulled her vehicle up behind the plaintiff's vehicle; she was so angry at what had happened that she got out of her car to express her anger at the plaintiff who was standing beside his truck. According to the defendants, Ms. St. Martin asked her sister not to get out of the car, but her sister did anyway and so St. Martin followed her to where her ex-husband was standing. The defendants testified that the plaintiff struck them both, that defendant Foster returned to the car and retrieved a can of mace from her handbag, which she then used to mace the plaintiff who at that point was hitting her sister. After Foster maced him, CT Page 12896 the defendants left the scene and went to the police station to file a complaint, claiming that they both had been assaulted by the plaintiff.
Reporting Officer Shea testified that he observed scratches and bruises on both defendants that night. He traveled to the home of plaintiff's parents where he heard from the plaintiff that the defendants started the fight but plaintiff did admit to striking both defendants. Officer Shea testified that he found the defendants' version of what happened more credible than the plaintiff's story, and based on his observations of the defendants and the admission by the plaintiff, he arrested the plaintiff for assault.
Indeed, as counsel agree, the court's decision in this case turns on the credibility of the parties. "It is well established that in a trial to the court the trial judge is the sole arbiter of the credibility of the witnesses . . . [a]nd the weight to be accorded their testimony." In re Robert H., 199 Conn. 693, 712,509 A.2d 495 (1986), quoting from State v. Carter, 196 Conn. 36,490 A.2d 1000 (1985) (internal quotation marks omitted) and quoted in Caciopoli v. Latella, judicial district of New Haven at New Haven, Docket No. CV92-0338761 (October 18, 1995). It consequently is the court's duty in this case to weigh the contradictory testimony presented at trial and find those facts which the court finds credible.
The court carefully listened to the testimony of all the witnesses and observed their demeanor on the witness stand. Based on its careful consideration and observations made, the court finds that the testimony of both defendants was more credible than that of the plaintiff and his witnesses. The court, like Officer Shea, believes that the defendants' car was cut off by the plaintiff, and that both defendants were struck by the plaintiff during the altercation that followed.
Parenthetically, if the court were to accept the plaintiff's version of the story, the court would have to believe that the defendants self-inflicted the marks and bruises that Officer Shea testified he observed on both of them. No direct or circumstantial evidence was presented at trial to support such a theory.
Having found that the defendants' version of the incident was the more credible one, the court finds that the facts as found do CT Page 12897 not support any of the plaintiff's claims. The clerk is ordered to enter judgment in favor of the defendants and against the plaintiff on each and every count.
PELLEGRINO, J.